Barbara NOVAK et al., Appellants,

v.

Arnold H. BRUNER, Appellee.

No. 3424.

Court of Civil Appeals of Texas. Eastland.

Jan. 16, 1959.

Rehearing Denied Feb. 6, 1959.

R. J. Balch, Seymour, for appellants.

Lyne, Blanchette & Smith, Dallas, for appellee.

COLLINGS, Justice.

This suit was brought by plaintiffs, Barbara Novak and other joint fee owners of land in Baylor County, to cancel an oil and gas lease thereon. Plaintiffs alleged that the defendant, Arnold H. Bruner, had by assignment become the owner and operator of the oil and gas leasehold interest on their land and that the lease had terminated because the defendant failed to pay a delay rental on September 4, 1957, as required by the lease. Bruner answered by general denial. He also filed a motion for summary judgment. The motion was granted and summary judgment was rendered for Bruner. Plaintiffs have appealed.

The record shows that under the terms of the lease the obligation of the lessee to pay delay rentals would cease upon discovery of oil or gas on the land in paying quantities for so long as oil or gas should be produced thereon. It is admitted that rentals were paid as required by the lease on September 4, 1956, but no rentals have since been paid. The record further shows conclusively that prior to the next rental date Arnold H. Bruner drilled two wells on the 200-acre tract in question and that oil and gas had been continuously produced therefrom in paying quantities since its discovery on February 5, 1957. Appellee's contention that the lease was perpetuated is

based upon this showing of continuous commercial production from the oil wells which he drilled on the land.

Appellants present two points. In both of these points it is urged, in effect, that oil wells drilled off location so great a distance as not to be in substantial compliance with the railroad commission permits are illegal and are not effective to perpetuate an oil and gas lease. They urge that the pleadings and the record herein show a fact issue as to whether the two wells drilled on their land by Bruner were not drilled in substantial compliance with the location called for in their railroad commission permits, and that the court, therefore, erred in granting summary judgment. The question presented is whether in the absence of rental payments the oil and gas lease was perpetuated by continuous commercial production from oil wells drilled at a place different from that provided in their railroad commission permits. In our opinion the lease was perpetuated by continuous production from the wells so long as oil and gas may be produced therefrom in spite of the fact that the wells were drilled off location.

■■■■ There was no provision in the lease requiring the lessee to drill at any particular place on the land. The only requirement of the lease in this respect was the drilling of wells on the land, and continuous production of oil and gas therefrom in paying quantities. Appellee has complied with this requirement. The requirement to drill at a particular location is by virtue of the regulation of the railroad commission. It is the function of the railroad commission to grant permits to drill wells at designated locations in compliance with its administration of conservation laws. It is held, however, that the rules and regulations of the railroad commission are not effective to change or transfer property rights. Whelan v. Placid Oil Company, Tex.Civ.App., 274 S.W.2d 125 (RNRE); Mueller v. Sutherland, Tex.Civ.App., 179 S.W.2d 801 (Ref.W.O.M.). Regardless of whether or not Bruner drilled the wells in compliance with the drilling permits, the lease is in full force and effect by reason of discovery of oil in wells drilled on the land and of subsequent continuous commercial production therefrom The fact that these producing oil wells were not drilled at the locations called for in the railroad commission permits does not render the wells illegal in the sense that they will not be effective to perpetuate the oil and gas lease for so long as oil and gas may be produced therefrom in paying quantities. Appellants' points are overruled.

The judgment of the trial court is affirmed.